# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| ANSON CHI, | ) |
| | ) |
|     **Plaintiff,** | ) |
| v. | )   **Civil Action No. 1:23-00196** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     **Defendant.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the United States' "Renewed Motion to Revoke Plaintiff's IFP Status and Motion to Dismiss" (Document No. 30), filed on June 26, 2023. The Court notified Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to the United States' Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are challenged by the United States in moving to dismiss. (Document No. 32.) On October 4, 2023, Plaintiff filed his Response in Opposition. (Document No. 37.) Having examined the record and considered the applicable law, the undersigned has concluded that the United States' Motion (Document No. 30) should be granted.

## FACTUAL AND PROCEDURAL HISTORY

On May 16, 2022, Plaintiff, acting *pro se*,[1] filed in the United States District Court for the Western District of Pennsylvania, a Motion for Leave to Proceed *In Forma Pauperis* and his

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Complaint seeking relief pursuant to the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq.*[2] (Document Nos. 1, 1-1, and 5.) In his Complaint, Plaintiff names the United States of America as the sole Defendant. (Document Nos. 1-1 and 5.) Plaintiff alleges that on November 8, 2017, he told Correctional Officer ("C.O.") Brown that he could not go through the SECURPASS machine because of Plaintiff's medical condition. (Id., p. 6.) Plaintiff states that C.O. Brown, Dipton, and Noblin then "wantonly attacked" Plaintiff with "excessive force." (Id.) Plaintiff claims he "suffered sundry injuries such as head trauma, a bruised right wrist, [and] cuts." (Id., p. 7.) Plaintiff states that the requested medical attention from C.O. J. Froble, but C.O. Froble failed to contact Health Services. (Id., pp. 7 – 8.) Plaintiff states that approximately thirty minutes to one hour later, he was moved to a "hard cell" in the Special Housing Unit ("SHU"). (Id., p. 8.) Plaintiff complains that the "hard cell" was cold, and he was provided with only a bedsheet and a blanket. (Id., p. 9.) Plaintiff further states that he was not provided with lunch, and his dinner was "very late," on November 8, 2017. (Id.) Plaintiff contends he "caught a cold" as a result of the cold cell temperature, and he was denied medical treatment for his cold. (Id.) Plaintiff alleges that the restrictive conditions of his "hard cell" from November 8, 2017 until December 9, 2017, constituted cruel and unusual punishment in violation of his Eighth Amendment rights. (Id., pp. 9 – 10.) Although Plaintiff states that he submitted a sick-call request on November 10, 2017, Plaintiff states that a male nurse lied to Plaintiff about not receiving the sick-call request during

---

[2] The FTCA authorizes suits against the United States for damages for injuries or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the United States while acting within the scope of his or her office or employment under circumstances where the United States, if a private person, would be liable in accordance with the law of the place where the act or omission occurred. Federal inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights. *See Carlson v. Green*, 446 U.S. 14, 21-23, 100 S.Ct. 1468, 1472-74, 64 L.Ed.2d 15 (1980). By contrast, under *Bivens* inmates may assert claims of personal liability against individual prison officials for violations of their constitutional rights but may not assert claims against the government or prison officials in their official capacities.

Plaintiff's intake-screening conducted on November 17, 2017. (Id.) Plaintiff further states the male nurse "even had the nerve to demand my race, so I lied to him by answering 'Micronesian' since he lied to me first." (Id.) Plaintiff states that he filed a BP-8 grievance on November 21, 2017, complaining of the "staff assault" and the conditions of his confinement. (Id., p. 10.) Plaintiff, however, states that "staff used the dilatory tactic of waiting for me to get transferred so they never resolved my BP-8 form." (Id.) Plaintiff states that on December 20, 2017, he filed a second sick-call request concerning injuries he allegedly suffered from the "staff assault." (Id.) Plaintiff contends Health Services never responded. (Id.) Therefore, Plaintiff states that he seeks "compensation for physical, emotional, and mental injuries he suffered as a result of the wanton assault, battery, torture, denial of medical care, etc. by federal employees and federal law-enforcement officers of the United States at FCI McDowell in Welch, West Virginia."[3] (Id., p. 5.) Plaintiff notes that the alleged "acts of misconduct occurred between November 8, 2017 to December 9, 2017." (Id., p. 12.) Plaintiff summarizes his claims as follows:

> All in all, my FTCA claims for this lawsuit are: (1) assault by BOP staff; (2) battery by the same BOP staff; (3) torture inflicted upon me by the same BOP staff; (4) complete denial of medical care/assistance for my myriad injuries from the staff assault, battery, and torture; (5) refusing to process my initial BP-8 grievance and stalling on it to deny me relief for the BOP staff's copious acts of egregious misconduct; (6) excessive force; (7) deliberate indifference; (8) emotional and mental injuries from physical injuries suffered at FCI McDowell; (9) negligence infliction of emotional distress by BOP staff members; (10) intentional infliction of emotion distress by BOP staff members; (11) abuse of process; (12) negligence; (13) duty of care violation; (14) retaliation; (15) BOP staff misconduct and unprofessional, inappropriate conduct; (16) government liability under the doctrine of respondent superior; (17) failure to provide for protection instruction and discipline of my well-being; and (18) etc.

(Id., pp. 14 – 15.) Plaintiff further states that "[i]n this FTCA civil action, I . . .

---

[3] Plaintiff asserts that he has "intense anger" about his treatment at FCI McDowell and "all I want is revenge." (Document Nos. 1-1 and 5, p. 13.)

aver/assert/asseverate violations of my Fourth, Fifth, Eighth, and Fourteenth Amendment rights within this Complaint pursuant to the FTCA, and the Government (United States of America) cannot foreclose my claims based upon the discretionary function exception." (Id., p. 18.) As relief, Plaintiff requests monetary damages. (Id., p. 3.)

As Exhibits, Plaintiff attaches the following: (1) A copy of Plaintiff's "Affidavit in Opposition to November 8, 2017, Incident Report" (Document No. 1-2, pp. 1 – 2); (2) A copy of Plaintiff's Sick Call Request dated November 9, 2017 (Id., p. 3); (3) A copy of Plaintiff's "Request for Administrative Remedy Informal Resolution Form" dated November 21, 2017 (Id., p. 4); (4) A copy of Plaintiff's TRULINCS email to Sick Call dated December 20, 2017 (Id., p. 5); and (5) A copy of USPS tracking regarding package numbers 70182290000072411912 and 70182290000072402613 (Id., pp. 6 – 8).

By Order entered on June 15, 2022, the District Court for the Western District of Pennsylvania granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. (Document No. 4.) On July 18, 2022, Plaintiff paid the $350.00 filing fee. (Document No. 6.) By Order entered on July 21, 2022, the District Court for the Western District of Pennsylvania directed that the United States Marshal Service serve process. (Document No. 7.) On October 21, 2022, Plaintiff filed a Motion for Default Judgment. (Document No. 9.) By Order entered on October 26, 2022, the District Court for the Western District of Pennsylvania denied Plaintiff's Motion for Default Judgment. (Document No. 11.) On November 7, 2022, Plaintiff filed a Motion for Reconsideration of the Order denying his Motion for Default Judgment. (Document No. 12.) By Order entered on November 8, 2022, the District Court for the Western District of Pennsylvania denied Plaintiff's Motion for Reconsideration. (Document No. 13.)

On January 5, 2023, the United States filed a "Motion to Revoke Plaintiff's IFP Status and

Dismiss Complaint, or in the Alternative, Motion to Transfer" and Memorandum in Support. (Document Nos. 19 and 20.) The United States argues that Plaintiff's claims should be dismissed based upon the following: (1) The "three-strikes rule bars Plaintiff from proceeding *in forma pauperis*" (Document No. 20, pp. 3 – 5); (2) "The United States has not waived sovereign immunity for constitutional claims" (Id., pp. 5 – 6); (3) "Plaintiff fails to state a claim against the United States" (Id., pp. 6 – 8); and (4) "The Western District of Pennsylvania is an improper venue" (Id., pp. 8 – 10). As Exhibits, the United States attaches the following: (1) The Declaration of Misty Shaw (Document No. 20-1); and (2) A copy of Plaintiff's "Inmate History ADM-REL" dated December 13, 2022 (Document No. 20-2). On March 2, 2023, Plaintiff filed his "Response to Motion to Transfer Venue." (Document No. 26.) Although Plaintiff did not object a venue transfer, Plaintiff requested transfer to the Eastern District of Texas instead of the Southern District of West Virginia. (Id.) By Order entered on March 7, 2023, the District Court for the Western District of Pennsylvania granted the United States' Motion to Transfer Venue and transferred the above action to this Court. (Document No. 27.)

On June 26, 2023, the United States filed a "Renewed Motion to Revoke Plaintiff's IFP Status and Motion to Dismiss" and Memorandum in Support. (Document Nos. 30 and 31.) The United States argues that Plaintiff's Complaint must be dismissed based upon the following: (1) "The three-strikes rule bars Plaintiff from proceeding IFP" (Document No. 31, pp. 2 - 6); (2) The United States has not waived sovereign immunity for constitutional claims" (Id., pp. 6 – 7); and (3) Plaintiff's claims are not cognizable under *Bivens*" (Id., pp. 7 – 20). Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on June 27, 2023, advising him of the right to file a response to the United States' Motion. (Document No. 32.) On October 4, 2023, Plaintiff filed his Response in Opposition. (Document No. 37.) First, Plaintiff

5

argues that he is not proceeding *in forma pauperis*. (Id.) Second, Plaintiff argues that the United States is improperly attempting to construe his FTCA action as a Bivens action. (Id.) Plaintiff clarifies that he is only pursuing an FTCA action and is not asserting a Bivens claim for alleged constitutional violations. (Id.)

## DISCUSSION

In its Motion, the United States first argues that Plaintiff's *in forma pauperis* ("IFP") status should be revoked. (Document Nos. 30 and 31.) The United States argues that Plaintiff has an "extensive history of frivolous litigation," which has resulted in three strikes against him. (Document No. 31, p. 3.) The United States, therefore, asserts that Plaintiff "is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury." (Id., p. 5.) The United States contends that Plaintiff's claims do not fall within the scope of the imminent danger exception. (Id.) Specifically, the United States contends that "even if Plaintiff had alleged that he was under imminent danger of serious physical injury, as required to move forward, it is clear from the face of his pleading and his own affidavit (executed on November 8, 2017), that his injuries . . . are a result of his alleged past experiences at FCI McDowell (see ECF No. 5 at 6; ECF No. 5-1 at 2), and are not 'imminent dangers' . . . ." (Id., pp. 5 – 6.) The United States explains that the incident allegedly occurred at FCI McDowell, which is a facility that no longer houses Plaintiff. (Id., p. 6.) Thus, the United States concludes that "the alleged danger has passed, and Plaintiff is not in imminent danger." (Id.) The United States, therefore, requests that Plaintiff's IFP status should be revoked under the three-strikes rule. (Id.)

In Response, Plaintiff argues that he "is not proceeding in forma pauperis in this case." (Document No. 37, p. 3.) Plaintiff states that the Docket Sheet reveals that he paid the filing fee

6

and "every other fee required" in this case.[4] (Id.) Accordingly, Plaintiff argues that he "should be allowed to continue with this civil action unencumbered." (Id.)

The Prison Litigation Reform Act ("PLRA") contains a provision known as the "three-strikes rule." See 28 U.S.C. § 1915(g); Lomax v. Ortiz-Marquez, ___ U.S. ___, 140 S.Ct. 1721, 1723, 207 L.Ed.2d 132 (2020). The three-strikes rule restricts the right to proceed without payment of the filing fee for prisoners who repeatedly file meritless claims. Specifically, Section 1915(g) provides as follows:

> In no event shall a prisoner bring in a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In the instant case, there is no question that Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failing to state a viable claim. See Chi v. Doe #1, 690 Fed.Appx. 293 (5th Cir. 2017)("Because he has accumulated at least three strikes under § 1915(g), Chi is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury."); Chi v. Drew, Case No. 1:17-cv-372 (N.D. Ga. April 20, 2017)(adopting Magistrate Judge's recommendation "that Chi's Complaint be dismissed without prejudice under the three strikes provision . . . because he has failed to allege plausible allegations that he faces any present 'imminent danger of serious physical injury'"); Chi v. Stover, 2016 WL 10988773 (E.D.Tex. July

---

[4] The Docket Sheet only reveals a payment of $350. (*See* Document No. 6.) Although Plaintiff indicates that he paid the service of process fee, the District Court for the Western District of Pennsylvania ordered as follows: "IT IS FURTHER ORDERED that the United States Marshal is directed to mail a copy of the complaint, summons, and this order to each defendant as directed by plaintiff. Costs shall be advanced by the United States." (Document No. 7, p. 1.)

6, 2016)(recommending dismissal with prejudice because Plaintiff "improvidently sued various prosecutors and a judge who enjoy absolute immunity"), report and recommendation adopted, 2016 WL 10988774 (E.D. Tex. Nov. 3, 2016), aff'd, 706 Fed.Appx. 835 (5th Cir. Jan. 16, 2018), cert. denied, ___ U.S. ___, 140 S.Ct. 665, 205 L.Ed.2d 437 (2019); Chi v. Jones, Case No. 1:16-cv-377, Document No. 9 (E.D.Tex. Nov. 1, 2016)(recommending dismissal because Plaintiff's claims for injunctive relief were moot, and alternatively, he failed to state a cognizable claim), report and recommendation adopted, 2017 WL 3216590 (E.D. Tex. July 28, 2017); Chi v. Doe, 2013 WL 12233555 (N.D. Tex. Dec. 19, 2013)(recommending dismissal with prejudice because the Complaint was frivolous), report and recommendation adopted, 2014 WL 12724789 (N.D. Tex. Feb. 3, 2014), appeal dismissed, 600 Fed.Appx. 258, cert. denied, 577 U.S. 898, 136 S.Ct. 236, 193 L.Ed.2d 177 (2015). Since Plaintiff is subject to the three-strikes rule, Plaintiff may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed the above action.

"[T]he imminent danger 'must exist at the time the complaint or the appeal is filed, not when the alleged wrongdoing occurred.'" Feather-Gorbey, 787 Fed.Appx. at 825(citing Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)); also see Meyers v. Commoner of Social Security Admin., 801 Fed.Appx. 90, 96 (4th Cir. 2020)(The imminent danger must be a danger that is "close at hand, not a past infraction" and "must have some nexus or relation to those of the underlying complaint.") The plaintiff "must allege 'ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id. "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Johnson v. Warner, 200 Fed.Appx.

8

270, 272 (4th Cir. 2006). A plaintiff's allegations must show that the "conduct complained of threatens continuing or future injury," not just that plaintiff "deserves a remedy for past misconduct." Id.

Although Plaintiff disputes that he is proceeding IFP, the record clearly reveals the contrary. As stated above, Plaintiff filed in the Western District of Pennsylvania a Motion to Proceed IFP and the Western District of Pennsylvania granted Plaintiff IFP status on June 15, 2022. (Document Nos. 1 and 4.) It is unclear whether the Western District of Pennsylvania screened Plaintiff's Complaint pursuant to Section 1915A. A review of Plaintiff's Complaint pursuant to Section 1915(g), however, reveals that Plaintiff's IFP status should be revoked because Plaintiff has not demonstrated an imminent danger of serious physical injury. In his Complaint, Plaintiff concludes he was subjected to excessive force and denied appropriate medical care for his alleged injuries. Plaintiff further alleges that the conditions of his confinement in a "hard cell" for approximately one month constituted torture and cruel and unusual punishment. The alleged incident and challenge conditions of confinement occurred in 2017 during Plaintiff's incarceration at FCI McDowell. As stated above, Plaintiff must make "specific fact allegations of *ongoing* serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." It is undisputed that Plaintiff is no longer incarcerated at FCI McDowell. Plaintiff further does not dispute that he isn't in "imminent danger" of serious physical injury. Based upon the foregoing, the undersigned finds that Plaintiff's IFP status should be revoked because Plaintiff has failed to demonstrate that he is under imminent danger of serious physical injury.

To the extent Plaintiff claims that his partial payment ($350) of the filing and administrative fee renders the United States' Motion to Revoke Plaintiff's IFP status as moot, Plaintiff is incorrect. The undersigned first notes a Plaintiff must pay the Court's filing fee ($350)

and administrative fee ($52) totaling $402 or obtain approval to proceed IFP. The Docket Sheet reveals that after being granted IFP status, Plaintiff made a payment of $350. (Document No. 4.) The payment of the Court's filing and administrative fee totaling $402,[5] however, will not save Plaintiff's action from dismissal following the Court's revocation of Plaintiff's IFP status. An inmate subject to the three-strike rule must pay the filing and administrative fee at the time he initiates the action. See Feather-Gorbey v. Vest, 2021 WL 2932738 * 2 (S.D.W.Va. July 12, 2021)(J. Johnston)(citing Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002)("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit."); Rankins v. Carvajal, 2022 WL 1261222, * 5 (S.D.W.Va. Feb. 9, 2022)(same), report and recommendation adopted, 2022 WL 671001 (S.D.W.Va. March 7, 2022)(J. Volk), appeal dismissed, 2022 WL 4292343 (4th Cir. 2022)(Plaintiff's partial payment of $350 towards the filing and administrative fee did not save his case from dismissal upon the revocation of his IFP status); Finley v. Doe, 2008 WL 2645472 (S.D.W.Va. June 30, 2008)(J. Johnston)(declining to adopt the Magistrate Judge's recommendation to allow Plaintiff ten additional days to pay the filing fee before dismissing his Complaint because the prisoner must pay the filing fee at the time he initiates the suit). Based upon the foregoing, the undersigned respectfully recommends that the District Court grant the United States' "Renewed Motion to Revoke Plaintiff's IFP Status and Motion to Dismiss" (Document

---

[5] Upon initiating an FTCA action, a plaintiff must pay the Court's filing fee ($350) and administrative fee ($52) totaling $402 or obtain approval to proceeding IFP.

10

No. 30).[6] The undersigned finds it unnecessary to consider the other reasons that the United States has submitted for dismissal of Plaintiff's claim. Finally, the undersigned recommends that Plaintiff's partial payment of the filing and administrative fee ($350) be returned to Plaintiff by the Western District of Pennsylvania.[7]

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** the United States' "Renewed Motion to Revoke Plaintiff's IFP Status and Motion to Dismiss" (Document No. 30), **REVOKE** Plaintiff's IFP status, **DISMISS** Plaintiff's Complaint (Document No. 1-1 and 5) without prejudice pursuant to 28 U.S.C. § 1915(g), **RECOMMEND** that the Clerk of the United

---

[6] Notwithstanding the foregoing, the undersigned finds that Plaintiff's FTCA claim is time barred. *See Nasim v. Warden*, 64 F.3d 951, 953-54 (4th Cir. 1995)(The Fourth Circuit has recognized that the statute of limitations may be addressed *sua sponte* when such a defense appears on the face of a complaint filed *in forma pauperis* pursuant to 28 U.S.C. § 1915). Congress enacted a strict statute of limitations applicable to FTCA claims. *Butcher v. United States*, 2016 1057052, * 3 (S.D.W.Va. March 14, 2016)(J. Copenhaver)(Although state law may govern the substantive aspects of a plaintiff's FTCA claim, a claim brought under the FTCA is subject to the statute of limitations provided by 28 U.S.C. § 2401(b)). Specifically, 28 U.S.C. § 2401(b) provides that a tort claim must be presented to the appropriate federal agency within two years after the claim accrues. After the claimant has submitted the claim, the agency normally has six months to reach a final disposition on the claim. 28 U.S.C. § 2675(a). If the agency denies the claim, the claimant has six months to file suit in federal court. *Id.* If the agency does not finally dispose of the claim within six months, the claimant is allowed to "deem" that failure to be a "final denial of the claim" and commence an FTCA suit in federal court. *Id.* In the instant case, it appears that Plaintiff's claim accrued in December 2017. In his Complaint, Plaintiff notes that the alleged "acts of misconduct occurred between November 8, 2017 to December 9, 2017." (Document Nos. 1-1 and 5.) By a TRULINCS email communication between Plaintiff and Health Services dated December 20, 2017, Plaintiff stated that he wanted his allegations of misconduct and lack of medical care documented for his "future civil action" so "I can sue all of you." (Document No. 1-2, p. 5.) Thus, it is clear that Plaintiff was aware of his claim and injuries by December 20, 2017. Assuming the most liberal time calculations, the undersigned finds that Plaintiff's FTCA is untimely. If Plaintiff took the full two years from the accrual date (December 20, 2017), Plaintiff would have had until approximately December 20, 2019 to submit his claim in writing to the BOP. Assuming the BOP did not finally dispose of Plaintiff's claim within six months, the Plaintiff could have deemed such as a final denial of his claim in June 20, 2020. Plaintiff then would have had until December 20, 2020 (six months) to file his FTCA suit in federal court. The record clearly reveals that Plaintiff did not initiate this action in federal court until May 16, 2022, approximately one year and five months after the expiration of the limitations period.

[7] The undersigned notes that Plaintiff's filing fee was paid to the Western District of Pennsylvania. Although Plaintiff's action was transferred to this Court, the filing fee remained with the initiating Court (Western District of Pennsylvania). Accordingly, this Court does not have possession of Plaintiff's filing fee to return to him.

States District Court for the Western District of Pennsylvania return Plaintiff's partial payment of the filing and administrative fee, and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and counsel of record.

Date: November 17, 2023.



Omar J. Aboulhosn
United States Magistrate Judge