IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

ANSON CHI,

    Plaintiff,

v.                              CIVIL ACTION NO. 1:23-00196

UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiff's Motion to Recuse Magistrate Judge Omar J. Aboulhosn.  See ECF No. 49.  Under 28 U.S.C. § 455, recusal is appropriate "if a person with knowledge of the relevant facts might reasonably question [a judge's] impartiality."  United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003).[1]  Under 28 U.S.C. § 144, a judge shall recuse himself in cases in which the party seeking recusal files a timely and sufficient affidavit stating the judge has a personal bias or prejudice against either the affiant or in favor of any adverse party.  The affidavit must allege a personal bias from an extrajudicial source.  See Sine v. Local No. 992 Int'l Brotherhood of Teamsters, 882 F.2d 913, 914 (4th Cir. 1989).

> The alleged bias must derive from an extrajudicial source.  It must result in an opinion on the merits on a basis other than that learned by the judge from his participation in the matter.  The nature of the

---

[1] 28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

> judge's bias must be personal and not judicial. A judge is not disqualified because his familiarity with the facts of the case stem from his judicial conduct in presiding over earlier proceedings.

In re Beard, 811 F.2d 818, 827 (4th Cir. 1987).

A judge need not recuse himself because of "unsupported, irrational, or highly tenuous speculation." United States, v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998).  Furthermore, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994).  On appeal, recusal decisions are reviewed under an abuse of discretion standard.  United States v. Carmichael, 726 F.2d 158, 162 (4th Cir. 1984).

Recusal is not warranted.  There is nothing in the record that would cause a person with knowledge of the relevant facts to reasonably question the impartiality of Magistrate Judge Aboulhosn. Nor has Chi shown facts that demonstrate Magistrate Judge Aboulhosn has a personal bias based on an extrajudicial source.  Chi's complaints go to judicial rulings made in this court and other jurisdictions and are based on unsupported, irrational, and highly tenuous speculation.[2]

Based on the foregoing, the motion is **DENIED**.

---

[2] Chi argues that Magistrate Judge Aboulhosn colluded with a magistrate judge in the Western District of Pennsylvania to get his case dismissed.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

IT IS SO ORDERED this 5th day of March, 2024.

ENTER:

David A. Faber
Senior United States District Judge