```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

**ANSON CHI,**

    **Plaintiff,**

**v.**                                 **CIVIL ACTION NO. 1:23-00196**

**UNITED STATES OF AMERICA,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER

By Judgment Order dated March 5, 2024, the court accepted the Proposed Findings and Recommendation of the magistrate judge and dismissed plaintiff's complaint without prejudice pursuant to 28 U.S.C. § 1915(g). Pending before the court is plaintiff's "Rule 59(e) Motion to Set Aside Order and Judgment." See ECF No. 65. According to Chi, he timely filed objections even though the court did not receive them.

I.

On May 16, 2022, Anson Chi filed his complaint seeking relief under the Federal Tort Claims Act ("FTCA") in the United States District Court for the Western District of Pennsylvania. The district court in Pennsylvania granted Chi's motion to proceed in forma pauperis ("IFP"). Defendant filed a motion to revoke Chi's IFP status and dismiss his complaint or, in the alternative, to transfer venue. By Order entered on March 7,

2023, the district court in Pennsylvania granted the motion to transfer venue and transferred the case to this court.  Chi did not object to the transfer of venue but asked that the case be transferred to the Eastern District of Texas rather than the Southern District of West Virginia.

On June 26, 2023, defendant United States of America renewed its motion to revoke Chi's IFP status and to dismiss.  In his Proposed Findings and Recommendation ("PF&R") filed on November 17, 2023, Magistrate Judge Aboulhosn recommended that the district court grant defendant's motion, revoke Chi's IFP status, dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915(g), recommend that the Clerk of the United States District Court for the Western District of Pennsylvania return Chi's partial payment of the filing and administrative fee, and remove this matter from the court's docket.  <u>See</u> ECF No. 39.

The court granted two motions, filed by Chi, to extend the deadline for filing objections to the PF&R.  <u>See</u> ECF Nos. 43, 46. While the PF&R was pending, Chi filed:  1) the aforementioned two emergency motions for an extension of time to file objections (ECF Nos. 41, 42, 44, 45); 2) a "Proof of Mailing of Objections" (ECF No. 48); 3) a Motion to Recuse Magistrate Judge Aboulhosn

(ECF No. 49); and 4) two letters requesting copies of the docket sheet (ECF Nos. 50, 52).[1]

No objections were filed. Accordingly, on March 5, 2024, the court adopted the PF&R, granted defendant's motion to revoke Chi's IFP status and to dismiss, revoked Chi's IFP status, dismissed Chi's complaint without prejudice pursuant to 28 U.S.C. § 1915(g), recommended the Clerk for the Western District of Pennsylvania return plaintiff's partial payment of the filing and administrative fee, and removed the matter from the court's docket. See ECF Nos. 55, 56.

A week later, Chi filed objections to the PF&R. See ECF No. 59. According to him, he had timely filed objections. Approximately a month later, he filed the instant motion.

II.

As our appeals court has noted, "the Federal Rules of Civil Procedure allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b). Although the two rules appear similar, they are in fact quite distinct." Robinson v. Wix Filtration Corp, LLC, 599 F.3d 403, 411 (4th Cir. 2010). "A Rule 59(e) motion may only be

---

[1] The Clerk's Office responded to both requests with copies of the docket sheet. See ECF Nos. 51, 53.

3

granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Mayfield v. National Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). "It is an extraordinary remedy that should be applied sparingly." Id. The circumstances under which this type of motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l. Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D.W. Va. 1999)(citation omitted).

> "Rule 59(e) motions may not be used [ ] to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. [Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)]. A Rule 59(e) motion tests whether the Court's initial Order was "factually supported and legally justified." Hutchinson v. Staton, 994 F.2d 1076, 1081-82 (4th Cir. 1993). In other words, the Court may decline to reconsider a prior holding that "applied the correct legal standards" and made "factual findings [ ] supported by substantial evidence." Harwley v. Comm'r of Soc. Sec. Admin., 714 Fed. Appx. 311, 312 (Mem) (4th Cir. 2018). The movant's "mere disagreement" with the Court's legal application "does not support a Rule 59(e) motion." Hutchinson, 994 F.2d at 1082. Accordingly, Rule 59(e)

>provides an "extraordinary remedy which should be used sparingly." Pac. Ins. Co., 148 F.3d at 403.

Heaton v. Stirling, Civil Action No. 2:19-0540-RMG, 2020 WL 838468, *1 (D.S.C. Feb. 18, 2020).

Rule 60(b) of the Federal Rules of Civil procedure provides in pertinent part:

>On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based upon an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Relief from final judgment under Rule 60(b) is an extraordinary remedy that "is only to be invoked upon a showing of exceptional circumstances." Pressley Ridge Schools v. Lawton, 180 F.R.D. 306, 308 (S.D.W. Va. 1998). Dispositions of Rule 60(b) motions are reviewed for abuse of discretion. See id.

### III.

In his objections, Chi's chief complaint is that the Western District of Pennsylvania transferred his case to this court. According to Chi, "the district court for the Western District of Pennsylvania intentionally and deceitfully transferred this case

to the district court for the Southern District of West Virginia in order to get this case automatically dismissed due to the totally different rule where this district court requires the full filing fee to be paid at the time the action/suit is initiated." ECF No. 59 at 3. He continues that "[t]he U.S. district court for the Western District of Pennsylvania abused its discretion by transferring this case to the Southern District of West Virginia to deliberately get this case dismissed, when it knew full well that by transferring this case instead to the Eastern District of Texas would allow Chi to continue with this case without any problems at all." Id. Chi argues that transfer to the Eastern District of Texas is appropriate even though all the actions underlying his complaint occurred at FCI McDowell in the Southern District of West Virginia. In other words, he wants to transfer venue even though venue properly lies in this court.

Chi also complains that the court in the Western District of Pennsylvania never screened his complaint. Further, Chi makes a series of incredible assertions such as: 1) the Assistant United States Attorney ("AUSA") in the Western District of Pennsylvania called the AUSA in the Chi's criminal case "for inside tips on how to get Chi's case dismissed"; 2) when that didn't work, the Pennsylvania AUSA called the AUSA in the Southern District of West Virginia who assured her "he can get magistrate judge Omar

6

J. Aboulhosn to get it done"; and 3) the AUSAs and Aboulhosn "all agreed that this would be the trick to dismiss Chi's lawsuit." ECF No. 59.  Chi also maintains that this court cannot apply Fourth Circuit law because the case was originally filed in the Western District of Pennsylvania.  He argues that his FTCA claims are not time-barred.

Plaintiff has not demonstrated that he is entitled to relief under Federal Rule of Civil Procedure 59(e) or 60(b)(1) or (b)(6).[2]  Essentially, Chi asks the court to consider his objections to the PF&R and, additionally, to find those objections have merit.  The court has considered Chi's objections to the PF&R and, because they are meritless, it will not alter or amend the judgment.

IV.

The Prison Litigation Reform Act ("PLRA") was enacted "to address a concern about the endless flood of frivolous litigation brought by inmates."  Hall v. United States, 44 F.4th 218, 222 (4th Cir. 2022) (cleaned up).  "'To accomplish its goal of reducing the number of frivolous lawsuits,' Congress imposed on incarcerated persons, among other hurdles, the three-strikes limitation to proceeding IFP."  Id. (quoting Green v. Young, 454

---

[2] The other grounds for relief under Rule 60(b) clearly do not apply.

F.3d 405, 406-07 (4th Cir. 2006)).  Specifically, 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [the in forma pauperis statute] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Chi has three strikes and has known so since at least 2017. See Chi v. Stover, 706 F. App'x 835, 836 (5th Cir. 2017) ("We previously imposed the 28 U.S.C. § 1915(g) bar against Chi because he had accumulated three strikes."); Chi v. Doe, 690 F. App'x 293, 294 (5th Cir. 2017) ("Because he has accumulated at least three strikes under § 1915(g), Chi is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless his is under imminent danger of serious physical injury.").

### A.

The district court did not err in dismissing Chi's complaint rather than giving him an opportunity to pay the full filing and administrative fees.  As another district court in the Fourth Circuit explained:

> Although the Fourth Circuit does not appear to have spoken directly on the issue, the Eleventh Circuit has

> squarely held that an opportunity to pay the filing fee is not required. For a litigant subject to § 1915(g)'s restrictions, the fee must be paid at the time the suit is initiated. See Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002). The reasoning of Dupree relied on the purpose of the PLRA, which it described as "curtail[ing] abusive prisoner litigation." 284 F.3d at 1236. . . . The Dupree court also cited to unpublished authority from the Sixth and Ninth Circuits that followed a similar approach. Id. (citing Shabazz v. Campbell, 12 F. App'x 329, 330 (6th Cir. 2001); McGee v. Myers, 10 F. App'x 528, 529 (9th Cir. 2001)).
>
> Judges of this court, including the undersigned, have cited to Dupree and have dismissed cases after finding that plaintiff had three strikes and failed to allege imminent danger. . . . The court agrees with the reasoning of Dupree and concludes that the court is not required to provide Shelton an opportunity to pay the full filing fee. Thus, the court will instead dismiss these cases without prejudice.

Shelton v. Towler, Civil Action No. 7:22cv00289, 2023 WL 3230502, at *5-6 (W.D. Va. May 3, 2023); see also Huisen v. House of Representatives, No. 1:24cv648(RDA/IDD), 2024 WL 2763838, at *2 (E.D. Va. May 8, 2024) ("The United States Court of Appeals for the Eleventh Circuit has held that when a court denies a prisoner leave to proceed IFP pursuant to the three strikes provision of § 1915(g), the proper procedure is for the district court to dismiss the complaint without prejudice. . . . In the Fourth Circuit, this procedure has been employed by numerous district courts.) (cleaned up). The United States Court of Appeals has acknowledged that district courts in this circuit follow Dupree.

9

See Hall v. United States, 44 F.4th 218, 239 n.10 (4th Cir. 2022) (Richardson, J., concurring in the judgment).

Given the foregoing, the court did not err in dismissing Chi's complaint without prejudice. Accordingly, his motion to pay the full filing fee (ECF No. 77), filed on November 12, 2024, is **DENIED**. Insofar as Chi seeks to transfer funds to the appeals court, that is a matter for the appeals court to decide.

B.

Chi repeatedly objects to the order from the Western District of Pennsylvania transferring his case to this court. However, "[t]he proper forum for challenging a transfer order is in the appellate court of the transferor's circuit." FMC Corp. v. U.S. E.P.A., 557 F. Supp.2d 105, 110 (D.D.C. 2008) (citing Hill v. Henderson, 195 F.3d 671, 677 (D.C. Cir. 1999)). In any event, "[a] transfer order constitutes the law of the case, which should not be set aside except 'where the initial decision was clearly erroneous and would work a manifest injustice.'" Christian v. Fulton Fin. Corp., Civil Action No. 2:11cv62, 2011 WL 13141038, at *1 (E.D. Va. Sept. 16, 2011) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988)). As the Supreme Court has explained, "transferee courts that feel entirely free to revisit transfer decisions of a

coordinate court threaten to send litigants into a vicious cycle of litigation." Christianson, 486 U.S. at 816.

Having reviewed Chi's objections to the transfer order, as well as the record in the case, the court cannot conclude that the transfer order was erroneous, much less clearly erroneous.

The objections to the PF&R that Chi raises have no merit. Accordingly, there is no reason to disturb the court's earlier ruling. For all these reasons, Chi's motion to alter or amend judgment is **DENIED**. His motion to update the record with "evidence of Government Mail Abuse and Tampering" is **GRANTED** insofar as the court has considered it. The motions to recuse the undersigned and Magistrate Judge Aboulhosn (ECF Nos. 69 and 71) are **DENIED** for the reasons explained in the court's order denying an earlier motion to recuse. See ECF No. 54. Finally, the motions seeking to sanction the undersigned and Magistrate Judge Aboulhosn (ECF Nos. 73 and 74) are **DENIED**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 19th day of March, 2025.

> ENTER:
>
> *David A. Faber*
> David A. Faber
> Senior United States District Judge